IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No.  3:21-cr-32 |
| ) | |
| v.              ) | GOVERNMENT'S RESPONSE IN |
| ) | OPPOSITION TO DEFENDANT'S |
| MATTHEW PATRICK LANGENBERG, ) | MOTION TO SUPPRESS |
| ) | |
| Defendant.      ) | |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and hereby opposes Defendant's motion to suppress evidence (District Court Document, hereinafter "DCD" 38).

**TABLE OF CONTENTS**

**I.    FACTS** ............................................................................................................... **2**

**II.   ARGUMENT** ..................................................................................................... **3**

   A.   DEFENDANT DOES NOT HAVE STANDING TO CHALLENGE THE SEARCH OF HIS EMPLOYER-ISSUED CELL PHONE ...................... 4

   B.   THE COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE STORCK'S SEARCH OF THE CELL PHONE CONSTITUTED A PRIVATE PARTY SEARCH ................................................................. 9

      i.   The government had no knowledge of Storck's conduct ................... 10
      ii.  Storck acted to further Bachmeier's purposes ................................. 10
      iii. Storck did not act at the government's request ............................... 11
      iv.  Storck consented to law enforcement's search ................................ 12

   C.   THE COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE THE RESIDENTIAL SEARCH WARRANT WAS SUPPORTED BY PROBABLE CAUSE ..................................................................... 12

**II.   CONCLUSION** ................................................................................................ **13**

I.     **FACTS**[1]

On August 14, 2020, a Coralville police officer was dispatched to Bachmeier Carpet One (Bachmeier). Upon arrival, the officer met with Scott Storck (Storck), an employee, who reported that the company was involved in a sexual harassment investigation of employee Matthew Patrick Langenberg (Defendant). Storck advised the sexual harassment investigation involved allegations of Defendant recording female employees on his cell phone without their knowledge or consent as they walked around the store. As a result, Storck seized Defendant's employer-issued cell phone that day. Upon searching the cell phone, Storck located what he believed to be child pornography. Storck turned the cell phone over to the officer along with the device's password.

Sergeant Nicholson received the case for investigation and contacted Storck, who reported that as he examined the phone for evidence relating to the sexual harassment investigation, he observed images of young girls. Storck consented to the Coralville police searching the cell phone.

Sergeant Nicholson manually searched the cell phone and he also observed images of nude minor females. He submitted the phone to Sergeant Lord with the Johnson County Sheriff's Department for a full forensic examination, which revealed 56 images of nude females between the ages of five and 15 years old.

---

[1] This section is based upon evidence provided to defense counsel in discovery.

## II.     ARGUMENT

It is well-settled that a defendant has the burden of production to show that evidence should be suppressed because it was illegally obtained. *Carter v. United States*, 729 F.2d 935, 940 (8th Cir. 1984). The government's burden of persuasion does not arise until a defendant makes specific factual allegations. *See United States v. De La Fuente*, 548 F.2d 528, 533-34 (5th Cir. 1977).

An evidentiary hearing is required only "when the moving party identifies material facts in the record that are actually in dispute." *United States v. Haynes*, 958 F.3d 709, 714 (8th Cir. 2020); *accord United States v. Saucedo*, 956 F.3d 549, 554 (8th Cir. 2020); *United States v. Losing*, 539 F.2d 1174, 1177 (8th Cir. 1976). For a hearing to be necessary, a defendant must offer more than "mere speculation." *Haynes*, 958 F.3d at 714. Instead, the defendant must identify what evidence he would present at an evidentiary hearing, and explain why this evidence creates a factual dispute the Court must resolve to rule on the motion. *Id.*; *Saucedo*, 956 F.3d at 554. A defendant's identification of such factual disputes must be "specific, detailed, and nonconjectural." *Losing*, 539 F.2d at 1177.

Here, Defendant has identified no material factual disputes, and offered no evidence that would be presented at a hearing regarding his motion to suppress. As such, the Court should deny Defendant's request for an evidentiary hearing.

### A. DEFENDANT DOES NOT HAVE STANDING TO CHALLENGE THE SEARCH OF HIS EMPLOYER-ISSUED CELL PHONE.

Defendant challenges the search of his employer-issued cell phone. (DCD 38.) It is the government's position, however, that he does not have standing to bring this challenge as he lacked a reasonable expectation of privacy in that device.

It is a defendant's burden to prove he has a legitimate expectation of privacy. *United States v. Gomez*, 16 F.3d 254, 256 (8th Cir. 1994).

> Factors relevant to the determination of standing include: ownership, possession and/or control of the area or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case.

*Id.*

It appears the specific question posed in the instant case: whether one has a reasonable expectation of privacy in a private employer-issued cell phone is an open question, but there is analogous caselaw regarding governmental employers.

First, the Supreme Court tackled this issue regarding an employee's office and desk-space. *See O'Connor v. Ortega*, 480 U.S. 709 (1987). There, the Court first determined "[t]he workplace includes those areas and items that are related to work and are generally within the employer's control." *Id.* at 715. "These areas remain part of the workplace context even if the employee has placed personal items in them, such as a photograph placed in a desk or a letter posted on an employee bulletin board." *Id.* at 716. But not everything contained in a workplace is considered part of the workplace. *Id.*

4

The Court stated that employees do not lose all expectation of privacy in the workplace, but "[t]he operational realities of the workplace, however, may make <u>some</u> employees' expectations of privacy unreasonable when an intrusion is by a supervisor rather than a law enforcement official." *Id.* at 717 (emphasis in original). "[E]mployees' expectations of privacy in their offices, desks, and file cabinets . . . may be reduced by virtue of actual office practices and procedures, or by legitimate regulation." *Id.* "The employee's expectation of privacy must be assessed in the context of the employment relation." *Id.*

The Court held that if a reasonable expectation of privacy exists, "public employer intrusions on the constitutionally protected privacy interests of government employees for noninvestigatory work-related purposes, as well as for investigations of work-related misconduct, should be judged by the standard of reasonableness under all the circumstances." *Id.* at 725-26.

> Determining the reasonableness of any search involves a twofold inquiry: first, one must consider whether the . . . action was justified at its inception; second one must determine whether the search as actually conducted was reasonably related in scope to the circumstances which justified the interference in the first place.

*Id.* at 726.² The Court surmised that an employer search will be "justified at its inception, if there are reasonable grounds to suspect work-related misconduct." *Id.* "The search will be permissible in its scope when the measures adopted are reasonably related to the objections of the search and not excessively intrusive in light of . . . the nature of the misconduct." *Id.*

---

² Internal quotations and citations omitted, unless otherwise noted.

The Supreme Court next addressed this issue as it related to pager messages in *City of Ontario, Cal. v. Quon*, 560 U.S. 746 (2010).[3] Again, however, it was in the context of a governmental employer. *Id.* at 756. There, the Court refrained from "a broad holding concerning employees' privacy expectations vis-à-vis employer-provided technological equipment." *Id.* at 760. The Court then assumed without deciding that Quon had a limited reasonable expectation of privacy in his pager messages but found it unreasonable "for Quon to conclude that his messages were in all circumstances immune from scrutiny." *Id.* at 760, 762. "[A] reasonable employee would be aware that sound management principles might require the audit of messages to determine whether the pager was being appropriately used." *Id.*

Before *Quon*, however, the Fifth Circuit held that an employer had a reasonable expectation of privacy, and, therefore, standing to challenge a search of an employer-issued cell phone. *See United States v. Finley*, 477 F.3d 250, 259 (5th Cir. 2007). The government conceded Finley maintained a possessory interest the phone, but challenged standing based on Finley's lack of a property interest in it. *Id.* The court held that one's property interest in the device was only one factor to consider and an analysis of the remaining factors led it to conclude Finley had a reasonable expectation of privacy. *Id.*

But in contrast, the Fourth Circuit appeared to suggest the government should have made a standing argument: "The government does not argue on appeal that

---

[3] The Eighth Circuit has applied the test and analysis found in both *Quon* and *O'Connor*. *See True v. Neb.*, 612 F.3d 676 (8th Cir. 2010); *Biby v. Bd. of Regents, of Univ. of Neb. at Lincoln*, 419 F.3d 845 (8th Cir. 2005).

6

[defendant] lacks standing to challenge the seizure and search of the employer-issued cell phones." *United States v. Burton*, 726 Fed. App'x 295, 297 n.1 (4th Cir. 2018). While we cannot say what the court's decision on that issue would have been, the court at least found it important enough to note that the government had not raised it.

Here, Defendant did not have a reasonable expectation of privacy in his employer-issued cell phone. First, Defendant's claim that his own phone number was associated with the cell phone is not supported by evidence, but even if it were it has no bearing on the ultimate question. As the Supreme Court stated in O'Connor, merely because an employee put personal items in his workplace does not render the workplace private. 480 U.S. at 716. Such is the case even if the cell phone was associated with Defendant's personal cell phone number. Similarly, his alleged requests to return the device to him. The device did not belong to him, so futile demands to obtain someone else's property does not mean he had a reasonable expectation of privacy in it.

Second, it appears uncontested that the cell phone was owned by Bachmeier. Thus, Defendant does not have a property interest in the device. Third, Defendant had a possessory interest in the device, as he Bachmeier allowed him to use it. Fourth, Defendant did not have a <u>reasonable</u> subjective anticipation of privacy in an employer-issued cell phone. And fifth, there is no objectively reasonable expectation of privacy, as most employees understand an employer-issued device is subject to search and monitoring by the employer.

Furthermore, the search at issue here was conducted by a private employer, not a governmental entity. While the Supreme Court has assumed a limited expectation of privacy amongst public employees, that limited right should not extend to private employees.

If the Court finds Defendant had an expectation of privacy, limited or otherwise, the private employer search was reasonable. First, the search was justified at its inception. Bachmeier was investigating an internal report of sexual harassment on the part of Defendant. The allegation was that Defendant had been recording females without their consent on his cell phone. Thus, Bachmeier was investigating work-related misconduct.

Second, Bachmeier's search of Defendant's cell phone was reasonably related to that misconduct. The allegation involved possible videos filmed with and contained on Defendant's employer-issued cell phone. Thus, it was eminently reasonable for Bachmeier to examine Defendant's cell phone, including the photo album/gallery, as that is where the offending videos would have been located. While examining the cell phone in that manner, Bachmeier employee Storck located what he believed to be child pornography.

Therefore, the Court should deny Defendant's motion because he did not have a legitimate expectation of privacy in his employer-issued cell phone, so he lacks standing to challenge the search in this case. If the Court disagrees, Storck's search was reasonably related to a work-related misconduct investigation, so the search was reasonable, and the Court should deny Defendant's motion.

**B.    THE COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE STORCK'S SEARCH OF THE CELL PHONE CONSTITUTED A PRIVATE PARTY SEARCH.**

"The Fourth Amendment guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Whren v. United States*, 517 U.S. 806, 817 (1996). "A warrantless search is presumptively unreasonable absent some exception to the warrant requirement." *United States v. Hernandez Leon*, 379 F.3d 1024, 1027 (8th Cir. 2004). But Fourth Amendment protections only apply to governmental actors or those acting on behalf of the government. *See, e.g., Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 613-14 (1989); *Coolidge v. New Hampshire*, 403 U.S. 443, 487 (1971); *United States v. Ringland*, 966 F.3d 731, 735 (8th Cir. 2020). "Thus, the Fourth Amendment does not apply to a search or seizure, even an arbitrary one, effected by a private party on his own initiative, but it does protect[ ] against such intrusions if the private party acted as an instrument or agent of the government." *Ringland*, 966 F.3d at 735.

The test for determining whether a private party is an agent of the government has three factors, dependent on the level of involvement of the government: "[1] whether the government had knowledge of and acquiesced in the intrusive conduct; [2] whether the citizen intended to assist law enforcement or instead acted to further his own purposes; and [3] whether the citizen acted at the government's request." *United States v. Highbull*, 894 F.3d 988, 992 (8th Cir. 2018).

### i. The government had no knowledge of Storck's conduct.

Bachmeier, through Storck, was conducting an internal sexual harassment investigation after reports were made that Defendant recorded females on his cell phone without their consent. As a result, Storck confiscated Defendant's employer-issued cell phone and examined it, observing what he believed to be child pornography. It was not until he called the Coralville police that law enforcement became involved. Thus, this factor weighs in favor of finding that Storck was not acting on behalf of the government.

### ii. Storck acted to further Bachmeier's purposes.

Storck examined Defendant's cell phone for purely employment-related reasons: a sexual harassment investigation. Storck's review of the cell phone was for a purely private, employment-related reason.

Defendant claims Storck intended to assist law enforcement. (DCD 38-1, p. 4.) But

> where the government did not know of, acquiesce in, or request [his] conduct—and where nothing else indicates governmental entanglement—there [is] simply no government participation, irrespective of [the mother's] private intent. Without more, a bare intent to help law enforcement is insufficient to transform a private citizen into a government agent under the Fourth Amendment.

*United States v. Stephen*, 984 F.3d 625, 629 (8th Cir. 2021).

As such, this factor weighs in favor of finding that Storck was not acting on behalf of the government.

### iii.   Storck did not act at the government's request.

Finally, related to the first factor, no government agent requested Storck examine Defendant's cell phone. Storck did so completely of his own accord. As stated above, no law enforcement official knew of Storck's search, let alone requested he conduct the search. Therefore, Storck did not act on behalf of the government and conducted the search of Defendant's employer-issued cell phone as a private party.

"If a private party conducted an initial search independent of any agency relationship with the government, then law enforcement officers may, in turn, perform the same search as the private party without violating the Fourth Amendment as long as the search does not exceed the scope of the private search." *Ringland*, 966 F.3d at 736; *see also United States v. Miller*, 152 F.3d 813, 815 (8th Cir. 1998). That is because a defendant no longer has a legitimate expectation of privacy in what a private party already searched. *Ringland*, 966 F.3d at 736.

Here, after Sergeant Nicholson received the case for investigation, he contacted Storck. Storck reiterated what he had observed on the phone and provided Sergeant Nicholson with both the phone's passcode and consent to search the phone. Sergeant Nicholson opened the phone's photo gallery and also observed child pornography. He then requested a forensic examination of the cell phone. Sergeant Nicholson did not expand Storck's search of the device, though if he had, Storck consented to the search, therefore, a warrant was unnecessary.

Therefore, because Storck conducted a private search and Sergeant Nicholson's search did not expand Storck's search, no Fourth Amendment search occurred, and the Court should deny Defendant's motion.

### iv. The employer consented to law enforcement's search.

Defendant claims that law enforcement needed a warrant to expand their search beyond Storck's, specifically to conduct a forensic examination of the cell phone's contents. (DCD 38-1 pp. 4-5.) Defendant is incorrect.

One of the exceptions to the warrant requirement, described above, is consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 222 (1973). Here, Storck, an agent of Bachmeier, consented to law enforcement's search of Defendant's employer-issued cell phone. Because the cell phone was employer-owned and issued, a fact that appears uncontested, Bachmeier had the authority to consent to its search. And that is exactly what Storck did when he provided the device's passcode to two separate police officers and explicitly advised Sergeant Nicholson that he consented to law enforcement searching the phone.

As such, no warrant was required for law enforcement to conduct a forensic examination of the device and the Court should deny Defendant's motion.

### C. THE COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE THE RESIDENTIAL SEARCH WARRANT WAS SUPPORTED BY PROBABLE CAUSE.

Defendant claims law enforcement's search of his residence was illegal because it was derived from the forensic examination of the employer-issued cell phone. (DCD 38-1 pp. 5-7.) Because law enforcement had consent to search the cell phone, the

evidence derived therefrom was appropriately relied upon as a basis for probable cause for the search warrant for Defendant's residence. Furthermore, the search of Defendant's residence would have been supported based solely upon Storck's initial report of observing child pornography on the cell phone and Sergeant Nicholson's cursory review which confirmed the presence of child pornography. Therefore, the Court should deny Defendant's motion to suppress evidence seized from his residence.

## III. CONCLUSION

For the reasons outlined above, the United States respectfully requests that this Court deny Defendant's motion to suppress.

Respectfully submitted,

Richard D. Westphal
Acting United States Attorney

By: /s/ *Torrie J. Schneider*
Torrie J. Schneider
Assistant U.S. Attorney
United States Attorney's Office
131 East 4th Street
Davenport, IA 52801
Office: (563) 449-5405
E-mail: Torrie.Schneider@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on July 25, 2021, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

  X   ECF/Electronic filing

UNITED STATES ATTORNEY
By: /s/ *Torrie J. Schneider*
    Assistant United States Attorney